UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEONARR MOORE,

      Petitioner,

                                            CASE NO. 2:09-CV-12673
v.                                       HONORABLE LAWRENCE P. ZATKOFF

WILLIAM FEDERSPIEL,

      Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

**I.    Introduction**

Leonarr Moore ("Petitioner"), a pre-trial detainee confined at the Saginaw County Jail in Saginaw, Michigan, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his pending prosecution on state criminal charges in the Saginaw County Circuit Court. In his petition, he asserts that the police illegally searched an apartment in Saginaw, Michigan, that evidence from the search should be suppressed by the state trial court, and that he is being held in violation of his Fourth Amendment rights. The state trial court denied his motion to suppress the disputed evidence. Both the Michigan Court of Appeals and the Michigan Supreme Court have declined to grant him an interlocutory appeal.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary

1

consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.; Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition for writ of habeas corpus must be dismissed.

**II.     Discussion**

Petitioner challenges his pending criminal prosecution in the Saginaw County Circuit Court in this habeas action. A petitioner may bring a habeas action in federal court to demand enforcement of the state's affirmative constitutional obligation to bring him promptly to trial, but may not generally seek habeas relief to forestall state prosecution altogether. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-91 (1973); *Capps v. Sullivan*, 13 F.3d 350, 354 (10th Cir. 1993). Although 28 U.S.C. § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner. *See Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Principles of comity and federalism require federal courts to abstain from deciding pre-conviction habeas challenges unless the petitioner demonstrates that: (1) he has exhausted available state court remedies, and (2) "special circumstances" warrant federal intervention. *See Martin-Trigona v. Shiff*, 702 F.2d 380, 388 (2d Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see also Urquhart v. Brown*, 205 U.S. 179, 182 (1907) (a federal court may "sometimes appropriately interfere by habeas corpus in advance of final action by the

authorities of the State," but such cases are "exceptional" and of "great urgency"); *Bronston v. Sabbatine*, 12 F.3d 211, 1993 WL 473792, *1 (6th Cir. 1993) (unpublished).

Petitioner has not met his burden here. To the extent that he seeks dismissal of his pending state charges and release from custody, federal habeas relief is unavailable. *See Braden*, 410 U.S. at 493. To the extent that he seeks the suppression of evidence at his upcoming trial, the state trial court denied his motion to suppress, but the state appellate courts refused to consider the matter on interlocutory appeal. Petitioner can still present his Fourth Amendment claim to the state courts on direct appeal should he be convicted. Consequently, Petitioner has not fully exhausted his state court remedies. *See* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented"); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Petitioner has also not shown that special circumstances warrant federal habeas review. The instant petition is premature and must be dismissed.

## III.   Conclusion

For the reasons stated, the Court concludes that Petitioner's challenge to his ongoing state criminal proceedings is premature and he is not entitled to habeas relief at this time. His petition shall therefore be dismissed.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S.

473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. When a federal court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

Having considered the matter, the Court concludes that reasonable jurists would not find the Court's ruling debatable and that Petitioner has failed to make a substantial showing of the denial of a constitutional right. A certificate of appealability is not warranted. The Court further concludes that Petitioner should not be granted leave to proceed on appeal in forma pauperis as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus and **DENIES** a certificate of appealability and leave to proceed on appeal in forma pauperis.

**IT IS SO ORDERED**.

    S/Lawrence P. Zatkoff
    LAWRENCE P. ZATKOFF
    UNITED STATES DISTRICT JUDGE

Dated: July 20, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 20, 2009.

S/Marie E. Verlinde
Case Manager
(810) 984-3290